
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **KATIELEE CHRISTINE BURKS** | § | Case No. 15-60156 |
| xxx-xx-8662 | § | |
| 10434 CR 366 E, Henderson, TX 75654 | § | |
| | § | |
| Debtor | § | Chapter 7 |
| TAYLOR DANIELLE JIMMERSON | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 15-6011 |
| | § | |
| KATIELEE CHRISTINE BURKS, | § | |
| | § | |
| Defendant | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW[1]

Upon trial of the complaint filed by the Plaintiff, Taylor Danielle Jimmerson (the "Plaintiff"), in the above-referenced adversary proceeding, the Court issues the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, as incorporated into adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7052.

---

[1] These findings of fact and conclusions of law are not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as to other applicable evidentiary doctrines.

## *FINDINGS OF FACT*

1. The complaint objects to the entry of a discharge order in favor of the Debtor-Defendant, Katielee Christine Burks (the "Debtor") under 11 U.S.C. §727(a)(4)(C).

2. On January 14, 2014, a final judgment was entered in favor of the Plaintiff against the Debtor and her non-debtor spouse, James Paul Burks, in certain state court civil litigation conducted before the 4th Judicial District Court in and for Rusk County, Texas under cause no. 2012-217 and styled *Taylor Danielle Jimmerson v. James Paul Burks and Katielee Burks d/b/a Burks Farms* (the "State Court Judgment").[2]

3. The state court found that the Debtor's husband, James Paul Burks, had sexually assaulted the Plaintiff and had intentionally, knowingly and recklessly caused injury to her.[3]

4. The state court also found that the Debtor had acted negligently toward the Debtor because she knew or should have known that her husband was acting inappropriately with children and failed to take action.[4]

5. Based upon the intentional tort of the Debtor's husband and the negligence of the Debtor, the state court found that the Debtor and her husband were jointly and severally liable to the Plaintiff for a general damage award of $902,808.08, plus post-judgment interest accruing on such sums at the annual rate of five percent.[5]

6. The State Court Judgment was abstracted in Rusk County by the Plaintiff on April 10, 2014.[6]

---

[2] Plaintiff's Ex. 1 and ¶ 4 of the Stipulation of Agreed Issues of Fact as set forth in the approved Joint Pre-Trial Order ("PTO") entered in this adversary proceeding on April 22, 2016.

[3] *Id.*

[4] *Id.*

[5] *Id.* The state court also assessed exemplary damages solely against the Debtor's husband in the amount of $500,000.00.

[6] Plaintiff's Ex. 5.

7. At the time of the State Court Judgment, James Paul Burks owned, as his separate property, a 75.67-acre tract of real property in Rusk County which he had acquired in 1987.[7]

8. At the time of the State Court Judgment, the Debtor and her husband jointly owned a 14.83-acre tract of real property in Rusk County which they had acquired in 1994.[8]

9. On February 16, 2016, at a time subsequent to the entry of the State Court Judgment, James Paul Burks conveyed his separately-owned 75-acre tract of real property to the Debtor through a "Special Warranty Gift Deed."[9]

10. The Debtor was not involved in the preparation or the execution of the gift deed, which was prepared by attorney Paul Nelson.

11. The Debtor had, however, participated in several meetings with Mr. Nelson about the possibility of filing for bankruptcy relief around the time of the conveyance of 75-acre tract to her by her husband.

12. Approximately one month after the execution and delivery of the warranty deed conveying the 75-acre tract to the Debtor, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in this Court under case no. 15-60156 on March 18, 2015.

13. On May 7, 2015, the Plaintiff filed her complaint in this adversary proceeding, seeking to deny the entry of a discharge order in favor of the Debtor under §727(a)(4)(C).

14. On that same date, the Plaintiff filed a second adversary proceeding against the Debtor and her husband which invoked the provisions of the Texas Uniform Fraudulent Transfer Act in an attempt to reverse the conveyance of the 75-acre

---

[7] Plaintiff's Ex. 2.

[8] Plaintiff's Ex. 3.

[9] Plaintiff's Ex. 4. The evidence presented to this Court does not establish whether the 75-acre tract was exempt in the hands of James Paul Burks.

tract to the Debtor by her husband (the "TUFTA Adversary").[10]

15. On September 1, 2015, because the action had evolved solely into a state law matter with no relation to the bankruptcy case after the Debtor's homestead claim to the 75-acre tract went unchallenged by any party, this Court dismissed the TUFTA Adversary under the principles of permissive abstention without prejudice to its revival in state court.[11]

16. The Debtor received and knowingly accepted the legal and beneficial ownership of the 75-acre tract upon delivery of the gift deed by her husband.

17. The Plaintiff has failed to demonstrate by a preponderance of the evidence that the Debtor's receipt of the 75-acre tract was "in or in connection with" the bankruptcy case.

18. The Plaintiff has failed to demonstrate by a preponderance of the evidence that the Debtor's receipt of the 75-acre tract was the *quid pro quo* which she received for taking a particular action in the bankruptcy case.

19. The Plaintiff has failed to demonstrate by a preponderance of the evidence that the Debtor's receipt of the 75-acre tract was the *quid pro quo* which she received for abstaining from or forbearing from taking a particular action in the bankruptcy case.

---

[10] *See Taylor Jimmerson's Original Complaint* filed on May 7, 2015 [dkt #1] in related adversary proceeding 15-6012.

[11] *See Order Dismissing Adversary Proceeding* entered on September 1, 2015 [dkt #13] in related adversary proceeding 15-6012. The automatic stay has been previously modified by this Court:

> to authorize the Plaintiff to reassert her fraudulent transfer claim against the Debtor and other non-debtor parties in a state court of appropriate jurisdiction; provided, however, that the litigation shall be limited [as against the Debtor] solely to the possible avoidance of the property transfer to the Debtor, together with any ancillary activity, if appropriate, to assist the [Plaintiff] in executing against, or realizing the value of, any property found to be the subject of a fraudulent transfer and the stay remains in effect to preclude any awarding of money damages against the Debtor or the Bankruptcy Estate of the Debtor.

*See Order Granting Motion for Relief from Automatic Stay* entered on September 18, 2015 [dkt #28] in the Debtor's underlying bankruptcy case, case no. 15-60156.

20. The Plaintiff has failed to demonstrate by a preponderance of the evidence that the Debtor's conduct in receiving the 75-acre tract from her husband warrants a denial of her Chapter 7 discharge.

21. To the extent any of these findings of fact constitute conclusions of law, the Court expressly adopts them as such.

## *CONCLUSIONS OF LAW*

1. The Court has jurisdiction to consider the adversary complaint in this proceeding pursuant to 28 U.S.C. §§1334 and 157.

2. This Court has authority to enter a final judgment in this adversary proceeding since it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (I), and (J) and meets all constitutional standards for the proper exercise of full judicial power by this Court.

3. The Bankruptcy Code requires that a debtor be granted a discharge unless one of the statutory grounds for denial of that discharge is proven. 11 U.S.C. §727(a).

4. The denial of a debtor's discharge is considered an extreme remedy. *Pher Partners v. Womble (In re Womble)*, 289 B.R. 836, 845 (Bankr. N.D. Tex. 2003) (citing *Rosen v. Bezner*, 996 F.2d 1527, 1531 (3d Cir. 1993)).

5. "Courts should deny discharge only for very specific and serious infractions." *Martin Marietta Matl's Southwest, Inc. v. Lee (In re Lee)*, 309 B.R. 468, 476 (Bankr. W.D. Tex. 2004) (citing *Ichinose v. Homer Nat'l Bank (In re Ichinose)*, 946 F.2d 1169, 1172 (5th Cir. 1991)).

6. A denial of discharge is to be imposed only upon those debtors who have not been honest and forthcoming about their affairs and therefore have not fulfilled the duties of full disclosure required of a bankruptcy debtor. *Buckeye Retirement Properties v. Tauber (In re Tauber)*, 349 B.R. 540, 545 (Bankr. N.D. Ind. 2006) ["The denial of a debtor's discharge is akin to financial capital punishment. It is reserved for the most egregious misconduct by a debtor."].

7. Speculation and surmise about such activities are insufficient. Probative evidence of misconduct sufficient to warrant denial of a discharge must be presented.

8. To fulfill the statutory policy of providing a debtor with a "fresh start," the

provisions of §727(a) are construed strictly against parties seeking to deny the granting of a debtor's discharge and liberally in favor of a debtor. *Laughlin v. Nouveau Body & Tan, L.L.C. (In re Laughlin)*, 602 F.3d 417, 421 (5th Cir. 2010); *Benchmark Bank v. Crumley (In re Crumley)*, 428 B.R. 349, 356 (Bankr. N.D. Tex. 2010).

9. The Plaintiff bears the burden of proving that the Debtor-Defendant is not entitled to a discharge under §727. The standard of proof for her claim is a preponderance of the evidence. *Cadle Co. v. Duncan (In re Duncan),* 562 F.3d 688, 695 (5th Cir. 2009); *Beaubouef v. Beaubouef (In re Beaubouef),* 966 F.2d 174, 178 (5th Cir. 1992).

*Denial of Discharge Under §727(a)(4)(C): Extortion or Bribery.*

10. Section 727(a)(4)(C) provides:

    The court shall grant the debtor a discharge unless —

    > the debtor knowingly and fraudulently, in or in connection with the case—
    >
    > > gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act in the case in which the offender is a debtor. . . ."

11. "This statute is generally considered as prohibiting a discharge for debtors who give or offer a bribe or participate in extortion in connection with their bankruptcy case." *Edwards v. Zemek (In re Zemek)*, 2013 WL 4677879 at *7 (Bankr. N.D. Miss., Aug. 30, 2013).

12. The purpose of this section is to punish the efforts of a debtor "to subvert the bankruptcy process itself, as differentiated from the seeking of an advantage with respect to a particular claim." *Anderson v. Wendt (In re Wendt)*, 381 B.R. 217, 225 (Bankr. S.D. Tex. 2007).

13. This subsection of the Bankruptcy Code "applies only to fraudulent actions in connection with the case . . . not actions that may have occurred prior to the commencement of the case." *Crescent Centre Apts. v. Fries (In re Fries)*, 436 B.R. 26, 28 (Bankr. W.D. Ky. 2010) (internal quotations omitted).

14. "Section 727(a)(4)(C) does not apply to this case because the statute itself provides that the conduct must have occurred *in or in connection with the case* . . . . In other words, this Court must consider the timing of the alleged fraudulent conduct." *Deavens v. Sears (In re Sears)*, 2012 WL 1414822, at *3 (Bankr. N.D. Ala., April 23, 2012) (emphasis added).

15. Thus, any fraudulent, *pre-petition* actions by the Debtor, through which she sought to receive property, even for an improper purpose, "cannot be the basis for denial of the Debtor's discharge under §727(a)(4)(C)." *Zemek*, 2013 WL 4677879 at *7.

16. Accordingly, the Plaintiff must not only establish the predicate act; but also show that such act was performed knowingly and fraudulently in order to prompt action or forbearance <u>in the bankruptcy case</u>.

17. Because the evidence presented by the Plaintiff pertained solely to the Debtor's pre-petition receipt of real property from her husband, such actions were not taken in or in connection with the bankruptcy case and therefore do not state a claim for relief under §727(a)(4)(C) as a matter of law. *See Fries*, 436 B.R. at 28.

18. Because the transfer of the 75-acre tract to the Debtor had no relation to any "action or forbearance in the case in which the offender is a debtor," no §727(a)(4)(C) penalty is implicated or warranted.

19. Accordingly, the Debtor-Defendant, Katielee Christine Burks, is entitled to the entry of a discharge order pursuant to 11 U.S.C. §727(a).

20. Though the entry of such discharge order will preclude the assessment of any monetary damages against the Debtor, this decision shall have no effect upon the Plaintiff's attempt in state court to obtain *in rem* relief to reverse the transfer of the 75-acre tract to the Debtor by her husband as a fraudulent transfer and for other relief ancillary thereto, or to rely upon any applicable Texas law to invalidate any exemption claim asserted by a transferee of fraudulently-transferred property. [12]

21. Because the Plaintiff has failed to sustain her burden of proof to show by a preponderance of the evidence that the Debtor offered anything for acting or forbearing to act in her bankruptcy case, the relief sought by the Plaintiff under §727(a)(4)(C) must be denied.

---

[12] *See supra* note 11; *see also*, 5 TEX. BUS. & COMM CODE §24.009(b) (Vernon 2015).

22. Because the relief requested by the Plaintiff's Complaint under the provisions of §727 must be denied, the Court shall forthwith issue a discharge order in bankruptcy case 15-60156 in favor of the Debtor-Defendant, Katielee Christine Burks, pursuant to 11 U.S.C. §727(a).

23. To the extent any of these conclusions of law constitute findings of fact, the Court expressly adopts them as such.

24. An appropriate judgment shall be entered consistent with these findings and conclusions.

Signed on 05/09/2016

*[Signature: Bill Parker]*

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE

NOT FOR PUBLICATION